Filed 4/1/14  P. v. Spivey CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C073913 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F05621) |
| v. | |
| WILLIAM ALBERT SPIVEY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant William Albert Spivey asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 14, 2012, Thomas Amaba and his friend, Massimo Fasulo, went to a party at their friend's house.  They left the party around 5:00 a.m. the following day and agreed to take a female friend, Peilinh, to her home.

1

At Peilinh's house, defendant approached Thomas's car, said his daughter was having an asthma attack, and asked for help making phone calls. Defendant made multiple calls from Thomas's phone until the phone's battery died. Defendant then asked Thomas for a ride to the nearest light rail station; in exchange, defendant offered Thomas a dog, a television, or drugs. Thomas initially refused, saying his car was only a "two-seater," but defendant offered to ride on the trunk so Thomas agreed.

Thomas first drove defendant to a house one block from Peilinh's house so that defendant could get something from the house. Defendant went into the house and came out with a backpack, then asked Thomas to drive him to the intersection of Calvine and Bruceville Roads. Just before arriving at the intersection, however, defendant told Thomas to pull over. Thomas did, and defendant got down from the trunk and used Massimo's phone to make more phone calls. Defendant again offered both men drugs but they refused, saying they were tired and wanted to go home.

Defendant then took out a black handgun, reached into the car, grabbed the gear shift, and ordered Thomas to put the car in park and remove the keys. Defendant ordered both men to empty their pockets, leave their phones and wallets in the car, and get out of the car. Defendant then got in the driver's seat and drove off.

Defendant was later arrested and charged with two counts of carjacking with personal use of a firearm. (Pen. Code, §§ 215, subd. (a), 12022.53, subd. (b).)[1] The People also alleged defendant was previously convicted for attempted robbery. (§§ 667, subd. (a)(1), 1170.12(a)-(d).) The information was later amended to include two robbery charges with personal use of a firearm (§§ 211, 12022.53, subd. (b)) and the allegation that defendant previously served time in prison (§ 667.5, subd. (b)).

---

[1] Undesignated statutory references are to the Penal Code.

Defendant was advised he could serve up to 42 years eight months in prison if he were convicted on all charges; he nevertheless rejected the People's offer of 14 years in prison. A jury later found defendant guilty on all charges. The jury also found true all of the enhancement allegations, and defendant admitted the prior felony allegations were true.

Following the trial, defendant requested a *Marsden* hearing.[2] At that hearing, defendant said he repeatedly told trial counsel he wanted to take the deal offered by the People, but counsel told him not to—that they could win the case in front of a jury. Defendant also said trial counsel failed to fully investigate the case, though they had agreed he would, and counsel failed to show for defendant's interview with the probation department. Defendant also expressed concern that counsel would reveal confidential information about defendant because counsel shared details of other clients' cases with defendant.

Trial counsel denied each of defendant's allegations (except for the allegation that counsel did not show for the interview). Counsel advised the court that he told defendant he could reschedule the interview with the probation department; apparently, defendant was not satisfied with that solution. Trial counsel admitted, however, that the relationship between him and defendant was broken down. Accordingly, the trial court appointed new counsel to represent defendant for sentencing.

The trial court subsequently sentenced defendant to an aggregate term of 40 years eight months in state prison. The court also terminated diversion in an unrelated matter, ordering that no further time be served.[3] The court awarded defendant 318 days of custody credit and ordered him to pay various fines and fees. Defendant appeals.

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

[3] Sacramento Superior Court case No. 11F04410.

3

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende*, *supra*, 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief claiming he received ineffective assistance from trial counsel. To establish ineffective assistance of counsel, defendant must demonstrate that counsel's performance was deficient and that defendant suffered prejudice as a result. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 691-692 [80 L.Ed.2d 674, 693, 696]; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.)

To support his contention, defendant claims trial counsel wrongly advised him to reject a plea offer. According to defendant, he wanted to take the plea offered but trial counsel told him (1) the jury *could* not convict him of carjacking because defendant was not found driving the stolen car, (2) defendant would not be convicted of robbery because "it was never proven that [defendant] had any thing [*sic*] belonging to the victims," and (3) counsel could "beat the case with his legal experience." Trial counsel specifically denied each of these claims at a posttrial *Marsden* hearing. The record does not support defendant's claim on appeal.

Defendant also contends counsel failed to conduct sufficient investigation before trial. " ' "[If] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' [Citation.]" (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.) The record on appeal is silent as to what investigation trial counsel conducted or failed to conduct. The record also is silent on trial counsel's reasons for the same. We therefore reject this claim.

Defendant claims trial counsel was ineffective by failing to appear at defendant's interview with the probation department. The record indicates trial counsel advised defendant that counsel typically did not appear with defendants for these interviews. When defendant refused to participate in the interview without counsel, the probation department informed him they would prepare the report without his input. Counsel subsequently advised defendant that if he was unhappy with the report and wanted to participate in the interview, they could get an extension on sentencing and counsel would be there for the interview. Defendant apparently was not interested in that solution. Counsel's performance in this regard was by no means deficient.

Defendant further argues he can establish ineffective assistance of counsel in the trial court because, following the trial, the court granted his *Marsden* motion and appointed him new counsel for sentencing. This claim also is not supported by the record. Defendant's posttrial *Marsden* motion was granted, but only because trial counsel agreed there was a breakdown in the attorney-client relationship and defendant would be better represented by new counsel at sentencing. The trial court made no finding that trial counsel was ineffective in his representation of defendant.

Having also undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                               RAYE , P. J.

We concur:


HULL , J.


MAURO , J.